IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA )
)
v. ) No. 95 CR 510-1
)
CEDRIC PARKS )
)

## MEMORANDUM OPINION AND ORDER

Cedric Parks was convicted in 1998 on a series of charges
under 21 U.S.C. §§ 846, 848(a), 861(a)(1), 841(a)(1) and 843(b).
He received multiple concurrent life sentences for offenses which
he committed from approximately 1970 to 1995 (Counts 1 and 2 of the
Superseding Indictment), 1987 to 1995 (Counts 3 and 4) and June 20,
1995 (Count 37). He also received additional lesser sentences for
convictions on other counts. Mr. Parks' conviction and the
sentences imposed were affirmed in their entirety on appeal.
United States v. Jackson, 207 F.3d 910 (7th Cir. 2000).

Mr. Parks then filed a motion to vacate his conviction and
sentence under 28 U.S.C. § 2255. This Court denied that motion.
Parks v. United States, 208 F. Supp. 2d 889 (N.D. Ill. 2002). He
also brought a motion under 18 U.S.C. § 3582(c)(2) to modify his
sentence that was similarly denied. United States v. Parks, No. 95
C 510, slip op. at 1 (N.D. Ill. Feb. 2, 2004). Mr. Parks now
brings a self-styled "Motion Pursuant to Rule 35(a)" that appears
to request this Court to correct his sentences under Counts 1
through 4 of his indictment. Mr. Parks' motion appears to rely

upon a former version of Federal Rule of Criminal Procedure 35(a) which applied to offenses committed prior to Nov. 1, 1987 and which allowed a court to correct an "illegal" sentence at any time. Fed. R. Cr. P. 35(a) (1987). The current version of Rule 35 only allows a district court to correct an incorrect sentence within seven days of sentencing. Fed. R. Cr. P. 35(a). Mr. Parks' motion assumes that the offenses for which he was convicted fall under the former version of the Rule, not the current version, so that this Court would have jurisdiction to correct the sentences of which he complains.

The version of Rule 35 upon which Mr. Parks relies to bring his motion was in effect prior to amendment by the Comprehensive Crime Control Act, Pub. L. No. 98-473, § 215(b), 98 Stat. 1837, 2015 (1984). That Act went into effect on November 1, 1987, and applies to "offenses committed after" the Act went into effect. Pub. L. 98-473, § 235(a)(1), 98 Stat. 2031 (1984), amended by Pub. L. 99-217, § 4, 99 Stat. 1728 (1985). See also U.S. v. Stewart, 865 F.2d 115, 116 (7th Cir. 1988) (describing the statutory history of this provision). The offenses for which Mr. Parks was convicted under Counts 1 and 2 of his indictment occurred between 1970 and 1995, and the offenses for which he was convicted under Counts 3 and 4 occurred between 1987 and 1995. Therefore, whether the former Rule 35 might even apply to these sentences depends on whether offenses whose period of commission "straddles" November 1,

2

1987 are treated as committed before or after this date.

This Court can find no authority directly explaining which version of Rule 35(a) applies to conduct which straddles the November 1, 1987 date on which the former version of Rule 35 became ineffective. However, the Seventh Circuit and other appellate courts have previously determined that other provisions of Pub. L. 98-473 applied to offenses which straddled November 1, 1987. United States v. Fazio, 914 F.2d 950, 958-59 & n.14 (7th Cir. 1990)(citing similar precedent from other circuits). In Fazio, the Seventh Circuit affirmed the application of the sentencing guidelines implemented in Pub. L. 98-473 to a conviction for conspiracy to distribute cocaine where the conspiracy began prior to 1987 and continued until 1988. Id. at 959. This same interpretation of "committed before" should apply to Mr. Parks' case as well, since the offenses for which he was convicted were not fully "committed before" November 1, 1987. Under the current version of Rule 35, therefore, this Court has no jurisdiction to consider Mr. Parks' motion as it is brought after the time period specified in Rule 35.[1]

---

[1]In both cases cited by Mr. Parks in his motion as support for the application of former Rule 35, the offenses for which the appellants were charged appear to have concluded by November 1, 1987. In United States v. Doe, 940 F.2d 199 (7th Cir. 1991), Doe was convicted in May of 1988 on charges including conspiracy to distribute cocaine, but the court noted these offenses were committed before November of 1987. Id. at 201 & n. 4. In United States v. Fischer, 205 F.3d 967 (7th Cir. 2000) the defendant was convicted in 1988 on charges including conspiracy to distribute

This Court also notes, as it noted in its order of February 2, 2004, ruling on Mr. Parks' motion under 18 U.S.C. § 3582(c)(2), No. 95 C 510, slip op. at 1 (N.D. Ill. Feb. 2, 2004), that Mr. Parks may have intended this Court to treat this motion as one brought under 28 U.S.C. § 2255. Although this Court would normally have jurisdiction over a § 2255 motion, Mr. Parks has already filed a previous § 2255 motion and cannot file another without the express permission of the Court of Appeals. Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996).

Mr. Parks' motion is therefore denied.

**ENTER ORDER:**

*Elaine E. Bucklo*

**Elaine E. Bucklo**
United States District Judge

Dated: March 29, 2006

---

marijuana for offenses which appear to have occurred between 1982 and November of 1986. See United States v. Kramer, 955 F.2d 479, 482-83 (7th Cir. 1992) (previous appeal in the case describing the underlying offenses for which Fischer and others were charged).